UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF COMPLAINT )<br>)<br>Of )<br>)<br>MARK TANGAS AND ANTHONY )<br>APPIO, AS OWNERS OR OWNERS PRO )<br>HAC VICE OF A 2007 34 FOOT )<br>HUSTKER VESSEL "PROFIT TAKER" )<br>FOR EXONERATION FROM OR )<br>LIMITATION OF LIABILITY, )<br>)<br>Petitioners. | Civil Action No:<br>18-01850 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Claimant's Motion to Vacate Petitioners' Motion for default judgment. (*See* ECF No. 17). On February 8, 2018, Petitioners' filed a complaint for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501, et seq., involving admiralty and maritime claims. (ECF No. 1). On April 12, 2018, the Court ordered that Notice to all persons asserting claims or suits with respect to the Complaint be issued, admonishing potential claimants to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the petitioners a copy on or before the 12th day of May, 2018. (ECF No. 7). On June 25, 2018, counsel for petitioners informed the Court that an attorney, who advised he was retained to represent claimant Erica Kaplan, had contacted them and indicated he was going to file a motion to permit late filing of a claim, however, no motions or claims were filed. (ECF No. 9). On August 8, 2018, this Court heard argument for the motion for petitioners' motion for default judgment, where counsel for claimant failed to appear or oppose the motion, and the motion was taken under advisement.

1

On September 5, 2018, the Court was informed that claimant Erica Kaplan had retained new counsel. The Court was also informed that claimant's previous counsel had failed to appear at the August 8, 2018 motion hearing because "they were not licensed in New Jersey and therefore did not appear." (ECF No. 13). On September 10, 2018, this Court ordered claimant's new counsel to reply to the pending motion for default. (ECF No. 15). Counsel for claimant thereafter filed the present motion to vacate the default of claimant, and allow claimant to serve a verified answer with affirmative defenses and counterclaims (ECF No. 17).

Pursuant to the Limitation Act of 1851, "the owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter . . . ." 46 U.S.C.S. § 30511. The procedure for bringing a limitation action is found in Supplemental Admiralty and Maritime Claims Rule F of the Federal Rules of Civil Procedure. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). The Rule states, "[f]or cause shown, the court may enlarge the time within which claims may be filed." *See Trace Marine, Inc. v. Fasone (In re Trace Marine, Inc.)*, 114 F. App'x 124, 126-27 (5th Cir. 2004) ("the Supplemental Admiralty Rules, Rule F(4) allows a district court to permit a claimant in a limitation of liability proceeding to file a claim, *nunc pro tunc,* for good cause shown."). Thus, it is within the Court's discretion to permit the filing of an untimely complaint.

"[C]ourts generally consider three factors in deciding whether to allow late claimants to file untimely claims: (1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of any party to the litigation; and (3) the claimant's proffered reason — the cause — for filing the late claim." *In re Complaint of White*, No. 16-cv-174, 2016 U.S. Dist. LEXIS 121161, at *8-9 (D.N.J. Sep. 7, 2016). Further, "[t]he reason underlying the late filing must outweigh the potential prejudice to the existing parties,

which is a fact specific inquiry." *In re Seastreak, LLC*, Civil Action No. 13-315, 2014 U.S. Dist. LEXIS 92113, at *7 (D.N.J. July 8, 2014) (citing *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1969)). Finally, "'courts have held that late claimants in admiralty proceedings need *not* show *good* cause. [T]hus, when a claimant shows cause, courts must freely grant permission to file late claims so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties.'" *Id.* (quoting In re Deray, 2006 U.S. Dist. LEXIS 28146, 2006 WL 1307673 (D.N.J. May 10, 2006)). Instead of "good cause," some courts apply a "minimal cause standard." *Id.* at *8. Accordingly, New Jersey courts have applied "a standard lower than 'good cause.'" *In re Complaint of White*, No. 16-cv-174, 2016 U.S. Dist. LEXIS 121161, at *9 (D.N.J. Sep. 7, 2016). Thus, "[s]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely effected, the court will freely grant permission to file late claims, upon an affidavit reciting the reasons for failure to file within the time limited." *Id.* (quoting *In re Bartin Deniz Nakliyati*, 1989 U.S. Dist. LEXIS 13195, 1989 WL 128581, at *5 (E.D.N.Y. July 10, 1989)).

Here, default has not yet been entered, as the Court reserved decision on that motion. Further, the proceeding is still pending and undetermined, as the Court has not ruled on any substantive issues involving petitioners and claimant. Additionally, granting the motion will not prejudice any party, as petitioners are aware of claimant Erica Kaplan and her potential claim, and they had been in contact with her previous counsel who informed petitioners of their intent to file a late notice of claim. Claimant Erica Kaplan has also shown cause for this Court to grant permission to file a late action. As explained by her current counsel, claimant's previous counsel had failed to appear at the August 8, 2018 motion hearing because "they were not licensed in New Jersey and therefore did not appear." (ECF No. 13). An affidavit submitted by the claimant also

3

supports that claimant had "retained attorneys who were supposed to be representing [her] interest in this case. However, said attorneys failed to appeal on this matter and/or failed to seek outside counsel licensed in New Jersey to assist them on this matter." (ECF 17-2). "[C]ourts have held the negligence of the claimant or his [or her] attorney" to be a sufficient reason for the late filing of a claim." *In re Complaint of White*, 2016 U.S. Dist. LEXIS 121161, at *13. Thus, for the reasons stated above, the Court finds that claimant Erica Kaplan may file an untimely claim.

## ORDER

IT IS on this __13__ day of November, 2018,

**ORDERED** that, pursuant to this Order, claimant Erica Kaplan may file an untimely claim; and it is further

**ORDERED** that Petitioners' Motion for Default (ECF No. 10) is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.